UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY A. WOOLDRIDGE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:08CV1465 RWS/FRB |
| | ) |
| STEVE LARKINS,[1, 2] | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on the petition of Missouri state prisoner Jeffrey A. Wooldridge ("petitioner") for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for a report and recommendation on dispositive matters, and for rulings on non-dispositive matters.

Petitioner was charged in the 32nd Judicial Circuit, Cape Girardeau County, Missouri, of three counts of statutory sodomy in

---

[1] Named respondent Steve Larkins is no longer petitioner's custodian. At present, Terry Russell is the warden of the Eastern Reception, Diagnostic and Correctional Center. See http://doc.mo.gov/division/dai/warden.php (last visited May 27, 2011). It is therefore recommended that Terry Russell be substituted as the proper party respondent. See Rule 2(a), Rules Governing Section 2254 Cases In The United States District Courts (". . . the petition must name as respondent the state officer who has custody"); see also Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) (in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

[2] Because petitioner is challenging sentences to be served in the future, it is recommended that Missouri Attorney General Chris Koster be added as a named respondent. Rule 2(a), Rules Governing Section 2254 Cases In The United States District Courts.

the second degree, stemming from his actions against his daughter. Wooldridge v. State, 239 S.W.3d 151 (Mo. Ct. App. 2007). On May 13, 2004, petitioner entered a plea of guilty, and on July 29, 2004, he was sentenced to seven years imprisonment on each count, the sentences to be served consecutively. (Respondent's Exhibit ("Resp. Exh.") A at page 4).[3] The judgment in petitioner's case thus became final on July 29, 2004, the date sentence was entered. State v. Arnold, 230 S.W.3d 353, 354 (Mo. Ct. App. 2007) (citing State v. Williams, 871 S.W.2d 450, 452 (Mo. banc 1994)).

Petitioner did not file a direct appeal, and his time for seeking direct review expired on August 8, 2004, ten days after the judgment in his case became final. Mo. Sup. Ct. R. 30.01(d). However, because that date fell on a Sunday, his time for seeking direct review lasted until Monday, August 9, 2004. Mo. Sup. Ct. R. 20.01(a).

On January 21, 2005, petitioner filed a motion for post-conviction relief. (Resp. Exh. B at page 1). Petitioner's motion was denied, and he filed an appeal in the Missouri Court of Appeals. (Resp. Exh. B and C). The Missouri Court of Appeals affirmed the denial of petitioner's post-conviction motion, and issued its mandate on December 19, 2007. (Resp. Exh. C at 3); see also (Docket No. 8, Attachment 2, Exhibit to Petitioner's Traverse). Petitioner did not seek discretionary review in the

---

[3]The exhibits filed by respondent in this case consist only of the docket sheets taken from Missouri Case.Net, the state of Missouri's online docketing system. In addition, the undersigned notes that this Court may take judicial notice of such records. See Levy v. Ohl, 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records).

-2-

Missouri Supreme Court.

The instant petition for writ of habeas corpus was docketed in this Court on September 24, 2008; however, the petition indicates, and petitioner argues, that it was signed and mailed by petitioner on September 19, 2008. Applying the prison mailbox rule, Van Orman v. Purkett, 43 F.3d 1201 (8th Cir. 1994), giving petitioner the benefit of the doubt, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002), and construing the circumstances in the light most favorable to the conclusion that the petition is timely, the undersigned determines the instant petition to have been filed on September 19, 2008, the date petitioner indicated that he signed and mailed the petition.

Respondent contends that the petition is untimely pursuant to 28 U.S.C. § 2244(d) because it was filed more than one year after the conclusion of the expiration of the time for seeking direct review. Respondent alternately contends that petitioner's claims are meritless. In response, petitioner argues that his "appellate attorney" advised him that the mandate in his case issued on December 19, 2007, and that he had one year from the date of the issuance of the mandate in his case in which to file a federal habeas petition. (Docket No. 8 at page 1). Petitioner included a copy of a letter from counsel to this effect, along with a copy of a list of Missouri Court of Appeals cases (including his own) in which mandates were mailed on December 19, 2007.[4]

---

[4]There is no dispute between the parties regarding the date the mandate issued.

Petitioner concludes that his petition is timely because he filed it within one year of the date the mandate was issued.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal habeas petition to be filed within one year after the petitioner's state conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The triggering date for the statute of limitations that is relevant to the case at bar is the later of the date when the judgment became final by the "conclusion of direct review" or "the expiration of the time for seeking such review." Id.

As noted above, petitioner did not file a direct appeal. Respondent avers that petitioner's time for seeking direct review lasted until August 9, 2004, and petitioner does not argue otherwise. The instant petition was therefore filed 1,501 days (more than four years) after the expiration of the time for seeking direct review.

Excluded from the computation of the one-year limitations period is the time during which a "properly filed" application for post-conviction review, or other collateral review, is pending in state court. 28 U.S.C. § 2244(d)(2); Payne v. Kemna, 441 F.3d 570, 571 (8th Cir. 2006). Whether such an application is "pending" for purposes of § 2244(d)(2) is a matter of federal law, which in turn requires the examination of the state court procedures. Payne, 441 F.3d at 571 (citing Mills v. Norris, 187 F.3d 881, 883 (8th Cir. 1999)). The term "pending" includes the interval between the state trial court's denial of post-conviction relief and the filing of an

appeal therefrom, Beery, 312 F.3d at 950; and the time during this appellate process through and including the date upon which mandate issues. Payne, 441 F.3d at 572 ("The Missouri Court of Appeals has repeatedly held that an appeal is not considered complete or final until the mandate is issued.") Section 2244(d)(2) does not toll the statute of limitations for the ninety-day period during which a writ of certiorari could be sought after the denial of a post-conviction petition becomes final in the state system. Lawrence v. Florida, 549 U.S. 327, (2007); Snow v. Ault, 238 F.3d 1033, 1035 (8th Cir. 2001).

The statute of limitations was therefore tolled for 1,063 days, from January 21, 2005 (the date petitioner filed his motion for post-conviction relief) until December 19, 2008 (the date the Missouri Court of Appeals issued its mandate). Subtracting the 1,063 tolled days from the 1,501 days that elapsed from the expiration of the time to seek direct review and the filing of the instant petition, the undersigned concludes that petitioner waited 438 days before filing the instant petition, beyond the one-year statute of limitations period. The petition is therefore untimely filed according to 28 U.S.C. § 2244(d)(1)(A).

As noted above, petitioner filed a traverse with exhibits in support, arguing that his petition is timely filed because he filed it within one year of the issuance of the mandate in his post-conviction appeal, and that his post-conviction attorney told him that his habeas petition must be filed within one year of that date. As exhibits, petitioner includes a list of Missouri Court of

Appeals cases (including his) in which mandates issued on December 19, 2007, and a letter addressed to him from his post-conviction counsel, advising him of the date of the mandate, and advising him that if he intended to file for federal habeas relief, he must do so within one year of that date. The undersigned construes petitioner's filings and arguments as his attempt to argue that the AEDPA's statute of limitation should be equitably tolled, and that his habeas petition should be considered timely filed.

The statute of limitations in § 2244(d) may be equitably tolled. <u>Jihad v. Hvass</u>, 267 F.3d 803, 805 (8th Cir. 2001). A litigant seeking equitable tolling must demonstrate that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418(2005); <u>Riddle v. Kemna</u>, 523 F.3d 850, 857 (8th Cir. 2008) (en banc). Petitioner may also receive the benefit of equitable tolling by demonstrating that the state's conduct lulled him into inaction. <u>Riddle</u>, 523 F.3d at 858. Equitable tolling is "an exceedingly narrow window of relief." <u>Jihad</u>, 267 F.3d at 805.

In the case at bar, petitioner does not argue that the state lulled him into inaction. Assuming for the sake of argument that petitioner was pursuing his rights diligently, the undersigned considers whether petitioner's post-conviction attorney's advice constitutes extraordinary circumstances beyond his control justifying the use of equitable tolling.

"[A]ttorney negligence is not an extraordinary

circumstance warranting equitable tolling." Holland v. Florida, 130 S.Ct. 2549, 2566 (2010); see also Beery, 312 F.3d at 951 (In general, ineffective assistance of counsel does not warrant equitable tolling). In addition, there is no constitutional right to counsel in seeking state post-conviction relief. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).

In Lawrence, 549 U.S. at 336, the Supreme Court expressly rejected the petitioner's argument that his attorney's mistake in calculating the limitations period amounted to extraordinary circumstances justifying equitable tolling. In so holding, the Court wrote that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." Id. at 336-37. The rationale for this conclusion, the Holland Court later explained, is that the mistakes of counsel are constructively attributed to his or her client, at least in the post-conviction context. Holland, 130 S.Ct. at 2566.

The Eighth Circuit has also recognized that counsel's confusion about, or mistake in calculating, the AEDPA's statutory provisions does not constitute extraordinary circumstances external to petitioner justifying equitable tolling:

> We agree with those courts that have found that counsel's confusion about the applicable statute of limitations does not warrant equitable tolling. *See, e.g., Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir.2000) (lawyer's innocent mistake in interpreting AEDPA's statutory provisions does not constitute extraordinary circumstances external to petitioner justifying equitable

> tolling); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (attorney's miscalculation of limitations period not a valid basis for equitable tolling).

Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).

For the foregoing reasons, the undersigned concludes that petitioner's post-conviction attorney's advice regarding the statute of limitations does not amount to an extraordinary circumstance justifying the application of equitable tolling in this case. See Lawrence, 549 U.S. at 336-37 (attorney miscalculation does not amount to an extraordinary circumstance warranting equitable tolling, particularly in the post-conviction context); Beery, 312 F.3d at 951 (ineffective assistance of counsel generally does not warrant equitable tolling). Petitioner does not allege, nor does the record suggest, that the state lulled him into inaction, nor can petitioner's failure to file the instant petition within the one-year AEDPA statute of limitations be attributed to the state. See Holland, 130 S.Ct. at 2566 (mistakes of counsel are constructively attributed to his or her client, at least in the post-conviction context). The undersigned therefore concludes that the instant petition is untimely according to § 2244 (d)(1)(A), and should be dismissed.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that petitioner Jeffrey A. Wooldridge's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) be dismissed.

**IT IS FURTHER RECOMMENDED** that Terry Russell be substituted for Steve Larkins as respondent.

**IT IS FURTHER RECOMMENDED** that Missouri Attorney General Chris Koster be added as a named respondent.

The parties are advised that they have to and including July 1, 2011, to file objections to this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

_Frederick R. Buckles_
Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of June, 2011.